

# NUMBERS 13-17-00556-CR AND 13-17-00570-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MANSU LAU KNOX JR.,**                                   **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                       **APPELLEE.**

### On Appeal from the 27th District Court
### of Bell County, Texas.

# ORDER OF ABATEMENT

### Before Justices Rodriguez, Benavides, and Longoria
### Order Per Curiam

Appellant, Mansu Lau Knox Jr., has filed a notice of appeal with this Court from his convictions in trial court cause numbers 76444 and 77322.[1] The trial court's certifications

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 R.S.).

of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On October 19, 2017, we ordered appellant's counsel, Billy Ray Hall Jr., to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. No response to this Court's order has been received. Therefore, we abate these appeals and remand these causes to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in these appeals, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeals, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue these appeals, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

2

Delivered and filed the
1st day of December, 2017.